UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA VELAZQUEZ,<br><br>                            Plaintiff,<br>v.<br><br>BRIGETTE BROWNING,<br><br>                           Defendant. | **Case No.: 24-cv-1659-BJC-AHG**<br><br>**ORDER OF DISMISSAL** |

      On September 17, 2024, Plaintiff, proceeding *pro se*, filed this action against Defendant Brigette Browning, representative of Unite Here Local-30, on behalf of herself and other employees of the Hotel Del Coronado for the union's failure to protect its members and for subjecting them to "a hostile, toxic, abusive environment" during the pandemic and afterwards. ECF No. 1, 1-2 at 5.

      On July 30, 2025, the Court issued an Order to Show Cause pursuant to Civil Local Rule 41.1 because no activity had taken place in the case for over six months. ECF No. 5. Plaintiff was ordered to file an affidavit no later than August 11, 2025, showing good cause why the action should not be dismissed for failure to prosecute. Plaintiff did not file an affidavit by that date.

      Instead, on October 22, 2025, Plaintiff filed a document titled "Supplemental Document" that consisted of numerous documents, including "Hotel Del Coronado: Responses to Union Proposals". ECF No. 7. Plaintiff contends that "it has been over a

year since the negotiations and to this day we haven't been given a copy of the contract" despite asking for it numerous times. *Id.* at 10. Instead, the Union has repeatedly told her that they are printing a copy but have not delivered it to her. She states that this concerns the employees because Defendant Brigette Browning approved the contract without input or approval of members. *Id.*

The Court must construe *pro se* plaintiff pleadings leniently. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)). On the other hand, this court "lacks the power to act as a party's lawyer, even for pro se litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

Here, it appears that the Complaint has not been served on Defendant Brigette Browning as required under the Federal Rules of Civil Procedure, Rule 4(c). In addition, Plaintiff did not comply with this Court's order to file an affidavit as to why the Court should not dismiss the case pursuant to Civil Local Rule 41.1. Although the Court must construe Plaintiff's pleadings leniently, it cannot act as Plaintiff's attorney and satisfy the procedural and substantive requirements to litigate the case. Accordingly, this action is dismissed without prejudice and with leave to amend to address the pleading deficiencies noted here.

**IT IS SO ORDERED.**

Dated:  December 15, 2025

_Bryan Cheeks_
Honorable Benjamin J. Cheeks
United States District Judge